IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOSHANNON VALLEY CITIZENS, INC. T/A PHILIPSBURG AREA HOSPITAL, | : : : : | Civ. No. 4:08-CV-1025 |
| Appellee, | : : : | Bankruptcy No. 06-00095 MDF |
| v. | : : | |
| ROSEWOOD REAL ESTATE, INC., LAWRENCE G. ADAMS, M.D., PHILIPSBURG REGIONAL MEDICAL CENTER, JOHN DOE ENTITIES 1-100, | : : : : : | (Judge McClure) |
| Appellants. | : | |

**O R D E R**

July 30, 2008

**BACKGROUND:**

On January 25, 2006, appellee Moshannon Valley Citizens, Inc. ("Moshannon") filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania. On April 18, 2008, during the course of the bankruptcy proceedings, the bankruptcy court granted Moshannon's request for a permanent injunction enjoining Rosewood Real Estate, Inc., Lawrence Adams, M.D., Philipsburg Regional Medical Center, and John Doe Entities 1-100 (collectively "Rosewood") from occupying a hospital

1

facility located at 210 Loch Lomand Road, Philipsburg, Pennsylvania ("the Hospital Facility").

On May 29, 2008, Rosewood filed an appeal to this court of the bankruptcy court's decision granting the permanent injunction. An opposing brief has been filed and the time for filing a reply has since passed. For the following reasons, we will deny the appeal as moot.

**STATEMENT OF FACTS:**

In March of 1992, Moshannon leased the Hospital Facility from the Commonwealth of Pennsylvania. The lease agreement provided that "[Moshannon] will, from the date of this agreement, without interruption lease the hereinafter described premises for use as a general hospital." (Tr. of Jan. 24, 2008, Rec. Doc. No. 4, Ex. M-8, at 1.) The lease also provided that if Moshannon "should fail to comply with any of the covenants, terms or conditions of this lease . . . [the state] may, after giving [Moshannon] thirty (30) days prior written notice of termination, subsequent to ninety (90) days prior written notice of the breach and an opportunity to cure, terminate this lease for failure to comply." (Id. at 19.) The lease was for a term of five years, at the end of which the lease would continue unless either party terminated the lease by providing 180 days written notice. (Id. at 5.) Unless

terminated, the lease could continue for three additional terms of five years each, but could not continue for more than twenty total years.  (Id.)

On January 25, 2006, Moshannon filed a petition for relief under Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania.  On April 12, 2006, Moshannon ceased use of the Hospital Facility as a hospital.  The Commonwealth, evidently recognizing the need for the area to have a hospital, permitted Moshannon to attempt to sell its assets, including the lease and the leasehold interest.  (Tr. of Jan. 31, 2008, Rec. Doc. No. 5, at 31.)

On October 17, 2006, Moshannon and Rosewood entered into an agreement in which Moshannon agreed to sell its assets and assign its lease of the Hospital Facility to Rosewood.  (Tr. of Jan. 24, 2008, Rec. Doc. No. 4, Ex. M-2.)  Subsection (j) of paragraph 12.11 stated that the "the failure of [Rosewood] to begin operations at the medical center within six (6) months of the closing date" would be a default. Similarly, subsection (a) of paragraph 12.11 stated that the "failure of [Rosewood], after commencement of operations, to operate the medical care center continually for a period of thirty (30) continuous days, for any reason other than fire, flood, natural disaster, strike or other circumstances beyond [Rosewood's] control" would be a default as well.

Following the execution of the agreement and before the closing, some water

pipes at the Hospital Facility froze and broke, causing flooding in a portion of the facility. Based on this occurrence, the deadline for commencement of operations was increased from six months to nine months after the closing date. (Tr. of Jan. 24, 2008, Rec. Doc. No. 4, Ex. M-3, at 4.)

On May 1, 2007, Moshannon and Rosewood closed on the sale. (Tr. of Jan. 31, 2008, Rec. Doc. No. 5, at 279.) On December 21, 2007, following a site visit, the Commonwealth mailed a "Notice of Default" to counsel for Rosewood. (Rec. Doc. No. 3-26, at 3) This notice contained numerous alleged instances of breach of the lease. (Id.) Specifically, the Commonwealth informed Rosewood that:

> [The] site visit confirmed earlier suspicions by DPW that there is no permanent heat being provided to the buildings, the gas and water meters have been removed and are shut off, there is trash and hazardous waste inside the buildings, there are no full time security guards, some portions of the buildings are in poor condition, and there is evidence of significant water damage with collapsed ceilings and damaged floors.
> With no heat in the buildings and the water shut off, the buildings are deteriorating in the cold of winter, are more likely to sustain storm damage, they are a fire hazard and the hospital equipment . . . is freezing due to current weather conditions of below 32 degrees Fahrenheit in Philipsburg.
> In addition, Rosewood is in breach by failing to re-open the general hospital to date, has never provided current insurance information to DGS, has no professional management of the lease premises and has never provided any books, records, or financial information to DGS indicating that the hospital is being re-opened and that Rosewood has the financial ability to operate a general hospital.

4

(Id. at 5.)  Furthermore, the notice stated that "[t]he lease clearly provides that a general hospital is to be operated continuously.  In that it is now late December 2007, there have been no hospital operations at this site for many months and nothing appears to be happening to re-open the general hospital in January 2008 as required by the [purchase agreement."  (Id. at 4.)  The notice went on to request that Rosewood "surrender possession of the leased premises and agree in writing to irrevocably assign any interests that it has in the leased premises back to Moshannon [] immediately."  (Id.)

The same day, on December 21, 2007, Moshannon filed an "Expedited Motion of the Debtor . . . for Temporary Restraining Order, For Preliminary and Permanent Injunction and for Related Relief" in the bankruptcy proceedings.  (Rec. Doc. No. 3-3.)  Specifically, Moshannon contended that Rosewood breached the purchase agreement and that the bankruptcy court should issue an injunction preventing Rosewood from gaining future access to the Hospital Facility.  (Rec. Doc. No. 4-3.)  Both the Official Committee of Unsecured Creditors and the Commonwealth joined in the motion.  (Rec. Doc. Nos. 3-25, 3-26.)

On March 20, 2008, after three days of testimony, the court issued a preliminary injunction.  On April 1, 2008, the court issued its findings of fact and conclusions of law in support of its decision to grant a preliminary injunction

against Rosewood. (Rec. Doc. No. 3-43.) The court concluded that as of January 24, 2008, Rosewood had not hired any employees or engaged the services of any entity to maintain the Hospital Facility or to operate a hospital and that the deadline for the beginning of operations was February 1, 2008. (Id. at 5-6.) Based on this conclusion, the court conducted an analysis for the issuance of a preliminary injunction and found that Moshannon was entitled to such relief. (Id. at 9-16.)

On April 18, 2008, the bankruptcy court granted Moshannon's request for a permanent injunction, concluding that Rosewood had in fact breached the purchase agreement. (Rec. Doc. No. 3-45.) Specifically, the injunction "enjoined [defendants] from disposing of, distributing, encumbering, hypothecating, pledging, conveying, moving, or otherwise transferring to or harming any of the property." (Id. at 1.)

On March 26, 2008, the Commonwealth provided Rosewood with "Written Notice of Termination of the Lease." (Rec. Doc. No. 3-37.) This notice indicated that it was the Commonwealth's position that Rosewood had breached various portions of the lease, the most important of which was the requirement that Rosewood operate a hospital at the Hospital Facility. (Id. at 2) The notice further stated that the termination would be effective April 28, 2008. (Id. at 3.)

On April 24, 2008, Rosewood filed its notice of appeal of the bankruptcy

court's decision. Opposing and reply briefs have been filed and the matter is ripe for disposition. For the following reasons, the court will deny the appeal as moot.

**DISCUSSION:**

### I. Standard of Review

A district court sits as a court of appeals reviewing a final order of the bankruptcy court under 28 U.S.C. § 158(a)(1). See also Fed. R. Bankr. P. 8001(a). Under Rule 8013 of the Federal Rule of Bankruptcy Procedure, the district court may affirm, modify, or reverse the decision of the bankruptcy court, or may remand with instructions for further proceedings. The district court reviews the bankruptcy court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). When an issue is a mixed question of law and fact, the issue is broken down into its component parts and the appropriate standard is applied to each component. In re Fegley, 118 F.3d 979, 982 (3d Cir. 1997).

### II. Review of the Bankruptcy Court's Decision

The Third Circuit has held that "an appeal will be dismissed as moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief. General Elec. Co. v. Cathcart, 980 F.2d 927, 934 (3d

Cir. 1992) (quoting In re Cantwell, 639 F.2d 1050, 1053-54 (3d Cir. 1981)).  We conclude that the Commonwealth's termination of the lease precludes us from granting any relief to Rosewood, the appellant.

Rosewood's appeal takes issue with the bankruptcy court's decision to grant a permanent injunction that precludes it from occupying and using the Hospital Facility.  Under normal circumstances, if we were to conclude that the bankruptcy court erred in doing so, a reverse of the grant of permanent injunction would provide Rosewood with the remedy that it was no longer enjoined from occupying and using the Hospital Facility.  Yet, in the instant case, the Commonwealth, who is the owner of the Hospital Facility, has terminated the lease that was assigned to Rosewood from Moshannon.  Specifically, the Commonwealth concluded that Rosewood had breached numerous portions of the lease, the most important of which was the failure to operate a hospital.  In other words, the Commonwealth reached the same conclusion as the bankruptcy court.  Yet, unlike the bankruptcy court's decision, the Commonwealth's decision to terminate the lease is not subject to review on this appeal.  Therefore, Rosewood's only remedy with respect to the Commonwealth's actions would be to challenge them in a different proceeding.

Furthermore, we note briefly that even if the appeal was not deemed moot, we do not see any reason to disturb the bankruptcy court's ruling, as we do not

believe that its conclusions of fact are clearly erroneous.  There is ample evidence in the record, including hearing testimony and photographic evidence, to support its conclusions that Rosewood failed to comply with several provisions of the purchase agreement, such as: 1) commencing operations and operating a medical care facility prior to February 1, 2008; 2) keeping the facility in a clean, safe and healthful condition; 3) providing basic utilities to the facility such as heat, electricity, water and other services; 4) keeping the facility secure; 5) following all applicable fire safety procedures; 6) preserving the records of Moshannon; and 7) properly maintaining equipment at the facility.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Appellant's appeal from the Bankruptcy Court's order granting a permanent injunction is DENIED as moot.
2. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge